124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan AGUILAR-CORTEZ, aka Pablo Mendoza Martinez, Defendant-Appellant.
 Nos. 96-10516, 96-10538.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1997.**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, Nos. CR-96-00089-EJG and CR-95-00020-01-EJG; Edward J. Garcia, District Judge, Presiding.
 Before: KOZINSKI, MAYER*** and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Juan Aguilar-Cortez appeals from his conviction and sentence. To receive the evidentiary hearing he desires, Cortez must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit...." Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Although we review entitlement to a Franks hearing de novo, we review the truthfulness, intentionality, and recklessness of an affiant's statements for clear error. Cortez argues that Agent Daniel Bellini's description of Santana as "reliable" was a misstatement. He bases this assertion on the fact that, as an informant, Santana "had promised but failed to deliver on at least two occasions." However, as the district court noted, that undercover buys do not transpire as planned may indicate reliability. The court did not err. Cortez failed to make the preliminary showing of falsity.
 
 
 3
 Cortez also contends that there was insufficient probable cause to support the search warrant. "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." Illinois v. Gates, 462 U.S. 213, 238-39 (1983) (citing Jones v. United States, 362 U.S. 257, 271 (1960)). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238. In addition to his past cooperation, Santana's admission of his own methamphetamine use and possession supported his reliability. He stated that he had observed Luis (Cortez) possessing, transporting, and selling methamphetamine. This and other information comprised Bellini's detailed, seven page affidavit. The magistrate had a substantial basis to conclude that probable cause existed.
 
 
 4
 Brenda Heng, an officer with statewide authority, executed the search warrant. Bellini immediately recognized Cortez, whom Santana had identified as Luis from surveillance video. The officers searched the apartment and the Lincoln pursuant to the warrant, and found incriminating evidence. Cortez' contrary contentions are unavailing.
 
 
 5
 Cortez' attempts to attack his 1992 conviction are similarly unpersuasive. His plea declaration included the charges as well as the minimum, middle, and maximum punishments. His plea was neither involuntary nor uninformed.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-3
 
 
 **
 * The Honorable H. Robert Mayer, United States Court of Appeals for the Federal Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3